## FOLDS et al. v. FEDERAL TRADE COMMISSION.

### No. 10233.

United States Court of Appeals
Seventh Circuit.

March 23, 1951.

Frank E. Gettleman, Edward Brodkey, Chicago, Ill., for petitioners.

W. T. Kelley, Gen. Counsel, James W. Cassedy, Asst. Gen. Counsel, Donovan Divet, Sp. Atty., Federal Trade Commission, all of Washington, D. C., for respondent.

Before MAJOR, Chief Judge, and KERNER and DUFFY, Circuit Judges.

DUFFY, Circuit Judge.

Petitioners ask us to review an order of the Federal Trade Commission dated June 6, 1950, requiring petitioners to cease and desist from disseminating any advertisement which represents directly or by implication that a medicinal product called Kleerex will cause pimples to disappear or constitutes an effective treatment for pimples.

A typical advertisement of petitioners' product follows:

"Yes, it's true, there is a safe harmless medicated liquid called Kleerex that dries up pimples over night. Those who followed simple directions and applied Kleerex upon retiring were amazingly surprised when they found their pimples had disappeared. These users enthusiastically praise Kleerex and claim they are no longer embarrassed and are now happy with their clear complexions.

"Many (users) report that they had a red sore pimply face one night and surprised their friends next day with a clear complexion."

In the complaint the Commission charged that by the use of said statements and others of like import, petitioners have described the therapeutic properties of Kleerex and represented that it was an *effective treatment* for pimples and that these statements were grossly exaggerated, false and misleading. The gravamen of the complaint was that petitioners represent that Kleerex is an effective treatment for pimples.

The evidence disclosed that pimples are a low inflammatory lesion of the skin, caused by a specific germ, and that they range in size from scarcely visible bumps to the proportion of boils, and usually are surrounded by an area of redness. There also was testimony that the primary treatment of pimples is a thorough washing of the face or affected parts with soap and water, although ultraviolet rays and vaccines are occasionally used.

Dr. Scott was the only witness who testified upon behalf of the Commission. He received his medical degree in 1940, served a year's internship, then ten months as an assistant in a Marine Hospital in Baltimore, and nine months as Medical Officer on a Coast Guard cutter. From February, 1943, to October, 1944, he was assistant on the Medical Service at the Marine Hospital in Chicago. For a period of about two years before he testified herein he held the position of Clinical Director and Chief of the Medical Service at that hospital. Dr. Scott had not seen the bottle of Kleerex used as an exhibit until about fifteen minutes before the hearing commenced. He had never used Kleerex or conducted any tests or experiments with it. He did testify, however, that for some time prior to the hearing he knew the formula of Kleerex.

The active ingredients of Kleerex are prepared calamine, spirits of camphor, resorcin, and distilled extract of witch hazel. Milton Folds, a registered pharmacist and one of the co-partners of the Kleerex Company, and Professor Ocen, who teaches pharmacy at the University of Illinois, and Dr. Scott all testified as to the properties of the ingredients of Kleerex. It is without dispute that calamine is composed largely of zinc oxide, which when placed on the skin has a drying action, combined with an antiseptic and antipruritic (relief from itching) action, and is pink in color; that spirits of camphor has an astringent action on the skin and is also antipruritic; that resorcin, in the concentration of 1% to 2% used in the Kleerex formula, is antiseptic, antipruritic, and analgesic (pain relieving); and that witch hazel is mildly antiseptic.

It was stipulated that if five named persons of varying ages and representing both sexes were called as witnesses, each would testify that he or she had been afflicted with pimples, and had used Kleerex in accordance with the printed directions accompanying it, that after using Kleerex he or she received relief from itching and accompanying pain, that the colored covering of Kleerex concealed their blemishes, and that their pimples disappeared, but not overnight.

The directions for the use of Kleerex were: "Just before retiring, wash your face with a good soap and warm water.

* * * Dip the brush in the Kleerex and apply to the affected parts. After the first coat is thoroughly dry, apply the second coat. Do this just before retiring. Leave Kleerex on over night. It is greaseless and stainless. * * * Follow this procedure every night, and we know that you are going to be pleasantly surprised with the results you will obtain. * * *"

Dr. Scott's testimony was given in Chicago on September 25, 1946. The trial examiner closed the record on November 4, 1946, and filed his Recommended Decision and Basis Therefor on April 4, 1947. He found that Kleerex will, if used as directed over a period of time, dry up and remove pimples, but would not do so overnight, that the Commission's charge that petitioners' implied representation that Kleerex is an effective treatment for pimples is misleading, deceptive and false, was not sustained by the record. He recommended that a cease and desist order be entered against the advertising that Kleerex would remove pimples overnight, but otherwise recommended that the complaint be dismissed.

On May 8, 1947, counsel for the Commission moved to set aside the Recommended Decision of the trial examiner and to take additional evidence. On October 30, 1947, the Commission ordered the proceedings opened and a hearing was held at Fredericksburg, Virginia, on May 25, 1948. The only witness at this hearing was Dr. Scott, and he expressed his opinion that Kleerex is not an effective treatment for pimples. The trial examiner sustained an objection to his answer as being the expression of an opinion going to the ultimate issue of the case. On March 28, 1949, the Commission reversed this ruling of the trial examiner. Nevertheless, on May 23, 1949, the trial examiner, after reviewing the evidence adduced on both hearings, reaffirmed his previous findings and Recommended Decision. He emphasized that the additional evidence had not changed the factual situation which demonstrated that Kleerex would, if used as directed, and for a sufficient length of time, cause pimples to dry up, the blemishes be-

ing temporarily concealed by the pink residue of the solution. On June 6, 1950, the Commission, refusing to follow the Recommended Decision, entered the cease and desist order hereinbefore described.

The Commission found that the ingredients of Kleerex were mildly astringent, antiseptic, antipruritic and analgesic in nature; that in the proportions present in Kleerex they have a tendency to dry up surface lesions, to decrease the number of organisms on the surface of the skin, and to relieve pain and itching; that Kleerex may be applied in such manner as to leave a pink colored residue sufficient to mask small pimples from view, but that it is not effective in concealing severe inflamation. Based upon Dr. Scott's testimony, the Commission concluded that Kleerex was not an effective treatment for pimples. The Commision did not charge, nor make a finding, that the use of Kleerex was injurious to the skin or to the person using it.

In their brief counsel for the Commission state the findings of the trial examiner are of no interest to this court, implying, we assume, that we are not to give them any consideration. We do not agree with that statement, although we recognize that it is the Commission which has the ultimate responsibility of finding the facts and that it is the findings of the Commission that we are authorized to review.

Our duty is to ascertain whether on the record as a whole there is substantial evidence to support the findings of the Commission.[1] In a very recent case involving the findings of the Labor Board, Universal Camera Corp. v. N. L. R. B., 1951, 71 S.Ct. 456, 467, the Supreme Court said: "* * * Surely an examiner's report is as much a part of the record as the complaint or the testimony. * * *"

Also: "It is therefore difficult to escape the conclusion that the plain language of the statutes directs a reviewing court to determine the substantiality of evidence on the record including the examiner's report. The conclusion is confirmed by the indications in the legislative history that en-

1. Administrative Procedure Act, 60 Stat. 237, 5 U.S.C.A. § 1001 et seq.

hancement of the status and function of the trial examiner was one of the important purposes of the movement for administrative reform." And further: " * * * Nothing suggests that reviewing courts should not give to the examiner's report such probative force as it intrinsically commands. * * *"

The court also said: "We do not require that the examiner's findings be given more weight than in reason and in the light of judicial experience they deserve. The 'substantial evidence' standard is not modified in any way when the Board and its examiner disagree. We intend only to recognize that evidence supporting a conclusion may be less substantial when an impartial, experienced examiner who has observed the witnesses and lived with the case has drawn conclusions different from the Board's than when he has reached the same conclusion. The findings of the examiner are to be considered along with the consistency and inherent probability of testimony. * * *"[2]

■ The real basis for the Commission's complaint was that petitioners represented that Kleerex was an effective treatment for pimples. No such representation was ever made, but the Commission purported to find in the advertisements an implied representation to that effect, and two years after Dr. Scott had first testified, and a year and a half after the record had been closed, the Commission brought Dr. Scott from Chicago to Fredericksburg, Virginia, to give opinion evidence that Kleerex was not an effective treatment for pimples. We do not think that the Commission's finding that petitioners made such a representation is supported by substantial evidence. The action of the Commission is subject to the same criticism which this court made in International Parts Corp. v. Federal Trade Comm., 7 Cir., 133 F.2d 883, where the

manufacturer of an automobile muffler advertised that the metallic finish prevented rust and corrosion. The Commission there made a finding that the use of the word "prevent" implied "permanency." This court there vacated the Commission's cease and desist order.

It should be kept in mind that the conclusion of the Commission was reached in spite of its express findings that the ingredients of Kleerex in the proportions present in that product have a tendency to dry up surface lesions, to decrease the number of organisms on the surface of the skin and to relieve pain and itching. There was no claim whatsoever in this case that Kleerex would injure the skin of any person using it. The only legitimate criticism of petitioners' advertisements is that they were too broad in scope. They should not have advertised that Kleerex would cause pimples to disappear overnight, or to imply that users would have a clear complexion the next day after using same. The trial examiner made a very sensible and sound recommendation based upon the entire record. It is difficult to understand why the Commission did not follow his recommendation, instead of making a mountain out of a pimple as they have attempted to do in this case.

■ The statute gives this court power not only to affirm or reverse but also to modify the orders of the Commission. 15 U.S.C.A. § 45(c) and (d). This power to modify extends to the remedy. Federal Trade Comm. v. Royal Milling Co., et al., 288 U.S. 212, 53 S.Ct. 335, 77 L.Ed. 706; Carter Products, Inc., et al. v. Federal Trade Comm., 1951, 186 F.2d 821.

■ The cease and desist order will be modified by the elimination of the last clause in Order (1) thereof, to wit, "That said product will cause pimples to disappear or constitutes an effective treatment

2. Although in the Universal Camera case, supra, the court was considering Labor Board findings and order, the same rule is applicable to findings of the F.T.C. The court there said: "It would be mischievous word-playing to find that the scope of review under the Taft-Hartley Act [29 U.S.C.A. § 141 et seq.] is any

different from that under the Administrative Procedure Act. * * * And so we hold that the standard of proof specifically required of the Labor Board by the Taft-Hartley Act is the same as that to be exacted by courts reviewing every administrative action subject to the Administrative Procedure Act."

for pimples," and by the insertion in lieu thereof of the following clause, "That application of Kleerex will cause pimples to disappear overnight or that the user thereof will have a clear complexion the day following its use at night."

As modified herein, the cease and desist order is affirmed, and the enforcement thereof, as modified, is

Ordered.